IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                              )<br>         Plaintiff,                  )<br>                                              )     CRIMINAL NO. 09-30157-DRH<br>    vs.                                   )<br>                                              )<br> RICO M. DAVIS,                )<br>                                              )<br>         Defendant.             ) | |

**<u>PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2</u>**

In the Indictment filed in the above cause on October 21, 2009, the United States sought forfeiture of property of defendant, Rico M. Davis, pursuant to 18 U.S.C. §924(d) and 28 U.S.C. § 2461(c). Based upon the plea of guilty by the defendant the Court hereby finds that the following property is forfeitable and hereby orders forfeited the following property:

**One Glock, Model 22, .40 caliber semiautomatic pistol, bearing serial number RT971, and any and all ammunition contained therein.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to " publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim.

The United States may, also to the extent practicable, provide direct written notice to any person

known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as a substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms, and Explosives shall seize and reduce to his possession, if he has not already done so, the above-described personal property.

The Court finds that said firearm and ammunition are forfeitable; however, the United States may, at its discretion, proceed with the destruction of said firearm and ammunition without completing the forfeiture process against same.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final with respect to the defendant Rico M. Davis at the time of his sentencing and shall be made a part of his sentence and shall be included in the Judgment entered against him in this case. Said order will be a final order only with respect to said defendant, and said order may be amended with respect to petitions filed by third parties claiming an interest in the subject-matter forfeited property.

The United States may abandon forfeiture of the property or any portion thereof by filing notice of same with the Court.

DATE: April 14, 2010                        /s/ *David R Herndon*
                                                  **DAVID R. HERNDON**
                                                  **Chief Judge**
                                                  **United States District Court**