IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             Case No. 09–CR–30157–DRH

RICO M. DAVIS,
        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      On June 11, 2010, the Court sentenced Rico M. Davis to 120 months imprisonment (Doc. 33) and the Clerk of the Court entered judgment reflecting the same (Doc. 35). On December 16, 2014, Defendant filed a pro se motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines (Doc. 51). The Court referred the matter to the Federal Public Defender's officer pursuant to Administrative Order 167 (Doc. 52). On February 4, 2015, Assistant Federal Public Defender G. Ethan Skaggs entered his appearance on behalf of Davis (Doc. 54). Skaggs has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 55). *See Anders v. California*, 386 U.S. 738, 744 (1967). Thereafter, the Court allowed Davis an opportunity to respond to the motion to withdraw (Doc. 56). As of this date, Davis has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

Davis is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. §3582(c)(2). In this case, the Court sentenced Davis to a mandatory minimum term of 60 months' imprisonment on Count 1, a consecutive mandatory minimum term of 60 months on Count 2, and a term of 37 months on Count 3 which was to run concurrently with Count 1 (Doc. 35). Defendants who are subject to a mandatory minimum sentence are not eligible for a sentence reduction if the new guidelines sentence under Amendment 782 is below the applicable mandatory minimum sentence. See U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Robinson*, 697 F.3d 443, 444

(7th Cir. 2012) (relief not available under § 3582(c)(2) where final guideline range had been based on statutory mandatory minimum not affected by retroactive guideline amendment). Therefore, Davis's overall sentence cannot be further reduced by application of Amendment 782.

Consequently, Davis's guideline range also has not been lowered, and he fails to satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. Therefore, the Court **GRANTS** counsel's motion to withdraw (Doc. 55) and **DENIES** Davis's *pro se* motion for a sentence reduction (Doc. 51).

**IT IS SO ORDERED.**

Signed this 13th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.13 17:27:31 -05'00'

**United States District Judge**